United States District Court
Southern District of Texas
**ENTERED**
November 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TEXAN WIRE WHEELS, | § | CIVIL ACTION NO. |
| | § | 4:22-cv-0794 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MR. CEASER RAMONT GASKIN | § | |
| D/B/A STASH COLLECTIBLES | § | |
| AND CLOTHING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM, RECOMMENDATION, & ORDER

Before the Court is Plaintiff's Motion for Default Judgment (ECF 12).[1] The Court entered default against Defendant on June 27, 2022. ECF 11. Plaintiff subsequently moved for default judgment in compliance with the Order entering default. *Id.*; ECF 12. Defendant Ceaser Ramont Gaskin filed "Defendant's Motion for Continuance or Reset and Letter Re: Service" which the Court construes as Defendant's response to Plaintiff's Motion for Default Judgment and as a Motion to Vacate the Entry of Default. ECF 13. In light of that filing, the Court ordered that a Status Conference be conducted on November 21, 2022. ECF 16. The Court conducted the Conference, at which Defendant appeared but Plaintiff did not. Having considered the parties' submissions, the applicable law, and statements made at the conference, the Court concludes that Defendant has shown good cause as to why the default entered against him should be vacated. Accordingly, the Court RECOMMENDS that the entry of default be vacated and the Motion for Default Judgment be DENIED.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 15.

## I. Legal Standards for Setting Aside Entry of Default

Under Federal Rule of Civil Procedure 55(c), a district court may set aside a default for "good cause." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation omitted). "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation omitted). The court may consider other factors, including whether "(1) the public interest was implicated, (2) there was significant financial loss to the defendant, and (3) whether the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted). The court does not need to consider all the factors and the "ultimate inquiry" remains whether the defendant shows good cause to set aside the default. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Although a motion to set aside an entry of default is similar to a motion to set aside a default judgment, a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment." *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008) (quoting *Dierschke*, 975 F.2d at 184). The decision to set aside a default "is committed to the sound discretion of the trial court," and should be made in light of the principle that courts "universally favor trial on merits." *In Re Dierschke*, 975 F.2d at 183.

## II. Good Cause Exists to Set Aside Entry of Default

In response to Plaintiff's Motion for Default Judgment, Defendant filed a document requesting "A Continuance or a Reset", which the Court construes as a Motion to Vacate the Default entered on June 27, 2022. ECF 13; *see Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (instructing

that pro se filings be "liberally construed"). In the Motion, Defendant represents that he "never received" any filings in this case "[e]xcept the Summons in a Civil Action," and accordingly that he "didn't know about the motions being filed against [him]." ECF 13. He claims that he became aware of Plaintiff's filings only two days prior to his filing the Motion. *Id.* Further, Defendant disputes the merits of the action, claiming that Plaintiff's allegations are "False." *Id.*

The Court finds good cause to set aside the entry of default against Defendant. Giving Defendant the benefit of the doubt because he is pro se, the Court finds that Defendant's failure to timely respond to the lawsuit was not intentional.[2] In addition to filing the Motion indicating that he seeks to defend the case, he attended the November 21, 2022 Status Conference, where he represented to the Court that he intends to defend the case and that he has made good-faith efforts to attempt to resolve the dispute with Plaintiff. Accordingly, the Court finds that Defendant's default was not willful. And, relatedly, Defendant acted expeditiously after learning of his defaulted status, filing his Motion two days after purportedly learning that he "had Court".[3] *Id.*

With respect to the merits, the Court need only determine "whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Obinyan v. Walgreens Spec. Phar. Holdings, L.L.C.*, No. 21-10294, 2022 WL 987183, at *3 (5th Cir. Mar. 31, 2022) (emphasis in original) (citation omitted). The Court is empowered to consider the strength of Plaintiff's Complaint and supporting documents when considering whether Defendant's proffers a meritorious defense. *Scott v. Carpanzano*, 556 F. App'x 288, 296-98 (5th Cir. 2014) (weighing the strengths of evidence and a complaint's factual allegations when determining whether various defendants presented a "meritorious defense" sufficient to vacate default judgments). Here,

---

[2] Defendant was admonished at the November 21 Status Conference that, even as a pro se defendant, he is responsible for complying with all case deadlines and the Federal Rules of Civil Procedure.
[3] If Defendant is referring to a specific conference or hearing date, he may be referring to the July 15, 2022 Initial Conference that was cancelled upon entry of default. ECF 11.

Plaintiff's Complaint and Motion for Default Judgment contain several material allegations that are not substantiated by documentary evidence. *See, e.g.*, ECF 14 at ¶ 30 (alleging that Defendant used the "#swanga metatag[]" to sell "knockoff keychains," and "advertised as the home of the swanga keychain"); ECF 12-6 at ¶ 19 (alleging that Defendant "ignored [a] cease and desist letter" but not otherwise demonstrating that keychain sales took place after Defendant's receipt of the letter); ECF 14 at ¶ 70 (estimating, for purposes of calculating damages, that "1000 key chains" were made). Defendant denies "all allegations" in the Complaint and Motions. ECF 13. And, even though courts generally require "definite factual allegations, as opposed to mere legal conclusions" when considering whether a defendant offers a "meritorious defense," *Scott*, 556 F. App'x at 296, the Court finds that, in light of the factual record before it and upon a liberal construction of the pro se Defendant's pleading, "some possibility" exists that this suit's outcome after a full trial would be contrary to the result achieved by default. *Obinyan*, 2022 WL 987183, at *3.

Further, Plaintiff will not be prejudiced by the setting aside of the default. This case is in its very early stages and no scheduling order has been entered. Plaintiff has not responded to Defendant's filing or otherwise demonstrated that setting aside the default will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion. *Scott*, 556 F. App'x at 298. Therefore, the prejudice factor weighs in favor of setting aside the default.

### III.    Conclusion, Recommendation, and Order

After weighing the factors and accounting for Gaskin's pro se status, the Court RECOMMENDS that the entry of default (ECF 11) be VACATED and Plaintiff's Motion for Default Judgment (ECF 12) be DENIED. It is further ORDERED that Ceaser Ramont Gaskin d/b/a/ Stash Collectibles and Clothing shall file an Answer or other responsive pleading to the Complaint within 14 days of entry of an Order of Adoption of this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 22, 2022, at Houston, Texas.

                                                          Christina A. Bryan
                                                     United States Magistrate Judge